IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY M. DUNKLE and KARJI L. DUNKLE, <br><br> Plaintiffs, <br><br> v. <br><br> THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, BANK OF AMERICA, N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., <br><br> Defendants. | Case No. 3:11-cv-01242 <br> Judge Campbell/Brown |

To: The Honorable Todd J. Campbell, Chief Judge

## **REPORT AND RECOMMENDATION**

Presently pending before the Magistrate Judge are Defendants' Motion to Dismiss (Docket Entry 8) and Plaintiffs' Motion to Remand to Chancery Court (Docket Entry 12). Both parties have filed Responses (Docket Entries 13, 18), and Plaintiffs have filed a Reply (Docket Entry 15).[1] For the reasons set forth below, the Magistrate Judge **RECOMMENDS** Plaintiffs' Motion be **DENIED**. The Magistrate Judge further **RECOMMENDS** Defendants' Motion be **DENIED**.

I. INTRODUCTION AND BACKGROUND

Plaintiffs filed this case in Chancery Court for Williamson County, Tennessee at Franklin on November 16, 2011. (Docket Entry 1-1). The Complaint was styled as "Petition to Stay Foreclosure and 'Preforeclosure Sale' and to Produce Evidence of Standing." *Id*. Plaintiffs sought a temporary restraining order to suspend the preforeclosure sale of their home, scheduled for

---

[1] Although Plaintiffs' Response was filed after the deadline set by the Magistrate Judge (Docket Entry 14), the Magistrate Judge has nevertheless considered it when deciding the Motion to Dismiss.

November 28, 2011. The Chancery Court granted a temporary restraining order *ex parte* on November 28, 2011. Plaintiff's proposed temporary restraining order and complaint were served on Defendants on November 18, 22, and 28. (Docket Entry 12). Summons were issued on November 30, 2011 and were served on December 12, 14, and 19. (Docket Entry 1-1, p. 1). On December 30, 2011, Defendants filed a Notice of Removal, claiming this court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). (Docket Entry 1).

Defendants filed their Motion to Dismiss on January 6, 2012. (Docket Entry 8). Plaintiffs filed their Motion to Remand on January 13, 2012. (Docket Entry 12).

## II. LEGAL DISCUSSION

**A. Plaintiffs' Motion to Remand**

Plaintiffs argue that this action should be remanded to state court because Defendants' Notice of Removal was untimely. They argue that, since Defendants were served with the complaint and proposed temporary restraining order no later than November 28, 2011, a Notice of Removal filed on December 30, 2011 would be untimely. Defendants counter that their removal was timely, since it was filed within 30 days of service of the summons.

The applicable statute, 28 U.S.C. § 1446(b), provides that "[t]he notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant . . . whichever period is shorter." Defendants argue that this means the 30-day removal period began to run when they were formally served with the summons (December 19, 2011), not when they

2

were served with the proposed temporary restraining order and complaint (November 28, 2011). *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999).

The Magistrate Judge agrees with the Defendants that their removal was timely. Defendants were apparently served with a copy of the complaint and a *proposed* order.[2] In *Murphy Bros.*, the Court found that informal service of the complaint did not start the 30-day clock for removal. *See id*. Here, Defendants clearly filed their notice of removal within 30 days of receiving the summons.

### B. Defendants' Motion to Dismiss

An action may be dismissed if the complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In deciding a Rule 12(b)(6) motion, a district court must view the complaint in the light most favorable to the plaintiff and take all well-pleaded factual allegations as true, as the moving party has the burden of proving that no claim exists. *Erickson v. Pardus*, 550 U.S. 89 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). However, although a complaint is to be liberally construed, the District Court need not accept a "bare assertion or legal conclusions." *Id. See also Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). In other words, a court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). When viewing the

---

[2] Had Defendants been served with a signed order on November 28, 2011, the Magistrate Judge believes this would have put Defendants on formal notice of the case and their requirement to appear. In that case, Defendants' removal would have been untimely.

complaint under the above standards, to survive a motion to dismiss, a complaint must contain (1) "enough facts to state a claim to relief that is plausible," (2) more than "a formulaic recitation of a cause of action's elements," and (3) allegations that suggest a "right to relief above a speculative level." *Twombly*, 550 U.S. at 555-56.

Defendants argue that Plaintiffs have failed to allege any cause of action against any Defendant and have, in fact, filed an impermissible "shotgun" pleading. The Magistrate Judge disagrees. It is clear from Plaintiffs' Complaint that they seek injunctive and/or permanent relief from Defendants' potential foreclosure on their residence, citing a number of alleged deficiencies in the mortgage documentation. (Docket Entry 1-1). This Complaint was sufficient to convince a state court judge to issue the temporary restraining order requested. While Plaintiffs may ultimately be unsuccessful, the Magistrate Judge believes they have met the pleading requirements in Fed. R. Civ. P. 8(a)(2).[3]

### III. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS** Plaintiffs' Motion to Remand be **DENIED** and Defendants' Motion to Dismiss be **DENIED**.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have fourteen (14) days from receipt of any objections filed regarding this Report

---

[3] The Magistrate Judge is again perplexed that Defendants in these matters are so eager to remove them to federal court. Given that real property is the subject matter of this lawsuit, it is clear that the state court would be the better venue. While Defendants' removal of this case was proper, it may not have been wise.

4

within which to file a response to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986).

ENTERED this 19th day of April, 2012.

/S/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge