UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEFFREY M. DUNKLE and<br>KARJI L. DUNKLE,<br><br>    Plaintiffs<br><br>v.<br><br>THE BANK OF NEW YORK MELLON<br>f/k/a THE BANK OF NEW YORK,<br>et al.,<br><br>    Defendants | Case No. 3:11-cv-1242<br>Judge Campbell/Brown |

To: The Honorable Todd J. Campbell, United States District Judge

## REPORT AND RECOMMENDATION

For the reasons stated below, the undersigned **RECOMMENDS** that the plaintiffs' motion for summary judgment (Docket Entry No. 56) be **DENIED**, that the defendants' motion for summary judgment (Docket Entry No. 58) be **GRANTED**, and that the plaintiffs' lack of standing to foreclose, fraud, and Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605 claims be **DISMISSED** and this case closed.

### I. INTRODUCTION AND BACKGROUND

The plaintiffs are residents of Williamson County, Tennessee. (Docket Entry No. 35, p. 1) They are the owners of the real property located at 509 Adelynn Court North, Franklin, Tennessee 37064 (the plaintiffs' property). (Docket Entry No. 1-1, p. 3) The plaintiffs filed this action on November 17, 2011. (Docket Entry No. 1, p. 1) The plaintiffs are seeking relief for claims of 1) lack of standing to foreclose, 2) fraud, and 3) the Real Estate Settlement Procedure Act (RESPA), 12 U.S.C. § 2506. (Docket Entry No. 1-1, pp. 3-4, 6-8, 10-11) Defendants Bank of New York Mellon (BNYM), Bank of America N.A. (BANA), ReconTrust Company, N.A.,

1

and Mortgage Electronic Registration Systems, Inc. (MERS) (collectively "Defendants") filed an answer on May 29, 2012. (Docket Entry No. 42)

On December 30, 2011, the defendants filed a notice of removal to remove the case from state to federal court. (Docket Entry No. 1) In support of their notice of removal, the defendants argued that the claim should be heard in federal court because it falls within diversity jurisdiction. (Docket Entry No. 1, pp. 1, 3)

The case was referred to the Magistrate Judge ON January 3, 2012, pursuant to 28 U.S.C. § 636 for case management, decisions on all nondispositive motions, to issue a Report and Recommendation on all dispositive motions, and to conduct further proceedings, if necessary, under Rule 72, Fed. R. Civ. P. (Docket Entry No. 6).

The defendants filed a motion to dismiss and a supporting memorandum on January 6, 2012. (Docket Entry No. 8, 9) The plaintiffs filed a motion to remand on January 13, 2012. (Docket Entry No. 12) The defendants filed a response to the plaintiffs' motion to remand on January 25, 2012. (Docket Entry No. 13) On February 3, 2012, the plaintiffs filed a response to the defendants' opposition to remand. (Docket Entry No. 15) The plaintiffs filed a response and a supporting memorandum to the defendants' motion to dismiss on March 13, 2012. (Docket Entry No. 17-18) On April 19, 2012, the Magistrate Judge entered a Report and Recommendation to deny the plaintiffs' motion to remand and also to deny the defendants' motion to dismiss. (Docket Entry No. 35) This Report and Recommendation was adopted on May 14, 2012. (Docket Entry No. 38)

The plaintiffs' claims allege that the defendants cannot produce a clear and unbroken chain of title and that the defendants lack standing to foreclose on the plaintiffs' property. (Docket Entry No. 1-1, p. 3) It appears the plaintiffs have not made payments to anyone on this $300,000-plus loan since November of 2009. (Docket Entry 66, responses 1 and 15)

On February 19, 2013, the plaintiffs filed a motion for summary judgment and a supporting memorandum. (Docket Entry No. 56-57) The defendants filed a motion for summary judgment, a supporting memorandum, a statement of material facts, and two affidavits in support of the motion on February 22, 2013. (Docket Entry No. 58-62) The defendants filed a response to the plaintiffs' motion for summary judgment on March 12, 2013. (Docket Entry No. 63) The plaintiffs filed a response in opposition of the defendants' motion for summary judgment on March 26, 2013. (Docket Entry No. 64) The defendants filed a reply to the plaintiffs' response on April 3, 2013. (Docket Entry No. 65) The plaintiffs then filed a response to the defendants' statement of material facts on April 4, 2013. (Docket Entry No. 66) On April 10, 2013, the plaintiffs filed a document entitled "PLAINTIFFS' REQUEST TO PERMIT THEIR RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT."[1] (Docket Entry No. 67) The Magistrate Judge granted their request. (Docket Entry 68) The plaintiffs' motion for summary judgment and the defendants' motion for summary judgment are therefore properly before the court.

II. ANALYSIS

A. Standard for Decision – Rule 56, Fed. R. Civ. P.

Summary Judgment is only appropriate "'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986)(citing Rule 56(c), Fed. R. Civ. P.). A "genuine" dispute occurs where a reasonable jury could render a verdict for the non-moving party. *Gallagher v. C.H. Robinson Worldwide, Inc.*, 567 F.3d 263, 270 (6th Cir. 2009).

---

[1] The Magistrate Judge has considered the plaintiffs' response to the defendants' motion for summary judgment (Docket Entry No. 64, 67) in regards to this Report and Recommendation.

"Material" facts are those facts that have the ability to affect the outcome of the case. *Id.* Mere factual disputes will not defeat a motion for summary judgment because there must be a "*genuine* issue of *material* fact." *Anderson*, 477 U.S. at 248.

The moving party has the burden of showing that there are no genuine issues of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). All reasonable inferences, as to the facts, are to be drawn in "the light most favorable to the party opposing the [summary judgment] motion." *Scott v. Harris*, 550 U.S. 372, 378 (2007)(citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)(*per curiam*); *Saucier v. Katz*, 533 U.S. 194, 201 (2001). However, the court "may grant summary judgment if the record, taken as a whole, could not lead a rational trier of fact to find for [the non-moving party]." *McKinnie v. Roadway Express, Inc.*, 341 F.3d 554, 557 (6th Cir. 2003).

After the moving party has met its burden of proof, the burden then shifts to the non-moving party to show that there are "genuine issues of material fact" for trial. *Celotex Corp.*, 477 U.S. at 324. The non-moving party "may not rest upon mere allegations . . . but must set forth specific facts as to a genuine issue for trial." *Anderson*, 477 U.S. at 248 (citing Rule 56(e), Fed. R. Civ. P.). A "genuine issue" only exists if there is sufficient evidence to support it. *Id.* at 249. Where the non-moving party has not set forth sufficient evidence to meet an essential part of his or her claim, the moving party is entitled to judgment because the non-moving party has failed to set forth the evidence required to maintain his or her claim. *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 884 (1990). Where the non-moving party has shown otherwise, summary judgment must be denied. *Ortiz v. Jordan*, 131 S.Ct. 884, 891 (2011).

B.  Plaintiffs' Lack of Standing to Foreclose Claim

The defendants argue that BNYM is the owner and holder of the plaintiffs' promissory note. (Docket Entry No. 59, p. 5) They argue that on February 2, 2005 Decision One Mortgage

4

Company, LLC (DOM) endorsed the promissory note in blank and transferred the promissory note to BANA. (Docket Entry No. 59, pp. 6-7) On June 28, 2005, BANA then transferred the note to BNYM, where the note currently remains. (Docket Entry No. 59, p. 7) The defendants assert that once the promissory note was endorsed in blank it became bearer paper. (Docket Entry No. 59, pp. 5-6) The defendants further assert that the possessor of bearer paper has the right to enforce the note. (Docket Entry No. 59, p. 6) Therefore, the defendants argue that since BNYM is the owner and holder of the promissory note or bearer paper, then it has the right to enforce the note against the plaintiffs. (Docket Entry No. 59, p. 7)

In response to the defendants' argument, the plaintiffs argue that the defendants have failed to establish that the defendants have the right to foreclose on the plaintiffs' property. (Docket Entry No. 64, p. 1) The plaintiffs further argue that the defendants have also failed to produce evidence to show that they have an unbroken chain of title. (Docket Entry No. 64, p. 2) The plaintiffs assert that they have not seen the original promissory note, and that when asked, the defendants only produce copies which do not reflect an endorsement from the original lender, DOM. (Docket Entry No. 64, pp. 3-4) For these reasons, the plaintiffs assert that they (the plaintiffs) are entitled to summary judgment. (Docket Entry No. 64, p. 2)

Where a promissory note is "endorsed in blank," it is payable to bearer and able to be enforced by the holder of that promissory note. T.C.A. § 47-3-205(b); T.C.A. § 47-3-301. A promissory note is "endorsed in blank" if the endorsement is made by the holder of the instrument and the endorsement does not identify a specific person. T.C.A. § 47-3-205(b). A holder is a person in possession of a promissory note that is payable to bearer. T.C.A. § 47-1-201(21)(A). A promissory note is payable to bearer if the promissory note does not state a payee or if the instrument indicates that it is not payable to a specific person. T.C.A. § 47-3-205(b).

5

Moreover, a person entitled to enforce the promissory note is a "holder of the instrument." T.C.A. § 47-3-301.

Furthermore, "under Tennessee law, 'the lien of a mortgage or trust deed passes, without a special assignment thereof, to the endorsee of a note or transferee of the debt secured by the instrument.' The Middle District of Tennessee recently applied this rule of commercial paper and rejected a theory . . . that 'the deed of trust is defective because it was split or severed from the note.'" *Gibson v. Mortgage Electronic Registration Systems, Inc.*, No. 11-2173-STA, 2012 WL 1601313 at *4 (W.D. Tenn. May 7, 2012)(citing *W.C. Early Co. v. Williams*, 186 S.W. 102, 103-04 (Tenn. 1916); *see also Samples v. Bank of Am., N.A.*, No. 3:12-cv-44, 2012 WL 1309135 at *4 (M.D. Tenn. Apr. 16, 2012)(quoting *Clark v. Jones*, 27 S.W. 1009 (Tenn. 1894)). Thus, a plaintiff's argument "that the deed of trust 'is void because it was not assigned to the subsequent purchaser(s) of the Note' is without legal support . . ." *Gibson,* No. 11-2173-STA, 2012 WL 1601313 at *4.

BNYM is legally able to enforce the note against the plaintiffs. On February 2, 2005, DOM endorsed the plaintiffs' promissory note and transferred it to BANA. (Docket Entry No. 61, p. 2; 61-1, p. 4) DOM did not state the payee in the endorsement. (Docket Entry No. 61-1, p. 4) Thus, the promissory note then became payable to bearer. (Docket Entry No. 61-1, p. 4) At that point, anyone in possession of the note after the endorsement would be a holder and able to enforce the note against the plaintiffs. BANA subsequently transferred the note to BNYM, who is the current possessor of the note. Since BNYM possesses the note, it is a holder and able to enforce the note against the plaintiffs.

Furthermore, the plaintiffs' argument that the note and deed of trust were severed is without merit. The plaintiffs' deed of trust automatically passed from one holder to the next holder, when the promissory note was transferred. It was not required that the defendants do

anything special, like document the assignments of the deed of trust. Again, the deed of trust automatically followed the promissory note. Thus, the promissory note and deed of trust were not severed. For these reasons, the defendants' motion for summary judgment on this issue should be granted.

C. Plaintiffs' Fraud Claims

The defendants argue the plaintiffs have failed to plead fraud with particularity. (Docket Entry No. 59, p. 9) The defendants further argue that to plead fraud with particularity the plaintiffs must "allege the time, place, and content of the alleged misrepresentation on which [the plaintiff] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." (Docket Entry No. 59, p. 9) The defendants assert that the plaintiffs have not met the standard. (Docket Entry No. 59, pp. 9-10) They further assert that the plaintiffs did not rely on the alleged misrepresentation, the plaintiffs cannot show injury, nor can the plaintiffs establish any misrepresentation. (Docket Entry No. 59, p. 10) The defendants argue any fraud claim fails as a matter of law. Therefore, summary judgment should be rendered in their (the defendants) favor. (Docket Entry No. 59, p. 10)

The plaintiffs stated the following in their complaint as it pertains to fraud, the substance of which is quoted:

> Further confusion, or outright misrepresentation, is evident in the CORPORATION ASSIGNMENT OF DEED OF TRUST/ MORTGAGE provided by ReconTrust in response to Petitioners' RESPA letter. The "Assignor" was designated as being Mortgage Electronic Registration Systems, Inc. (MERS). In the document MERS assigned the deed of trust and mortgage to The Bank of New York Mellon. MERS was never party to the mortgage note and therefore has no rights to "assign". . . . Petitioners believe that this document is an effort to discourage Petitioners from seeking further verification of a fully endorsed note and this action of MERS constitutes fraud. . . .

7

> The CORPORATION ASSIGNMENT OF DEED OF TRUST/MORTGAGE is signed by Tanyia Hill as representative of MERS with Michele Christine Preston Notary Public STATE OF TEXAS as witness that Tanyia Hill "Personally appeared" before her to execute the document. On the separate document included from ReconTrust, the SUBSTITUTION OF TRUSTEE. Tanyia Hill signed the document as Assistant Vice President of THE BANK OF NEW YORK MELLON with Michele Christine Preston Notary Public STATE OF TEXAS as witness that Michele Christine Preston "Personally appeared" before her to execute the document. Petitioners request the court to determine the legality of these documents. How can Tanyia Hill be signing agent for both MERS and for The Bank of New York Mellon AND how can Michele Christine Preston "appear before" herself to notarize that she signed a document. Petitioners contend that this documentation is another instance of fraud.

(Docket Entry No. 1-1, pp. 10-11) The plaintiffs did not address this argument in their response to the defendants' motion for summary judgment. It is therefore deemed that the plaintiffs do not oppose this argument. *See* Rule 7.01(b), Local R. of Ct.

Nevertheless, a party "may not challenge [an] Assignment [when] he is not a party to the assignment. He therefore cannot dispute the validity of the Assignment because as a 'non-party to those documents, [he] lacks standing to attack them.' 'A debtor, for example, cannot raise alleged acts of fraud, or question the motive or purpose underlying an assignment.'" *Slorp v. Lerner, Sampson, & Rothfuss, et al.*, No. 2:12-cv-498, 2013 WL 941430 at *3 (S.D. Ohio Mar. 8, 2013)(citing *Livonia Props Holdings, LLC v. 12840-12976 Farmington Rd Holdings, LLC*, 717 F.Supp 2d 724 (E.D. Mich. 2010) *aff'd* 399 F.App'x 97 (6th Cir. 2010); (citing *also* 6A C.J.S. Assignments § 132)).

The plaintiffs lack standing to challenge the defendants' assignment of the promissory note. The plaintiffs were not parties to the assignment. BNYM, BANA, and MERS were the parties to the assignment, and they are the only persons allowed to challenge the assignment of the promissory note. (Docket Entry No. 61-3, p. 2) Therefore, since the plaintiffs were not

8

parties to the assignment, they do not have the standing to raise their fraud claim. As stated above, debtors (in this case the plaintiffs which owe on the promissory note) cannot allege fraud or question the motive or purpose of the underlying assignment. For these reasons, the defendants' motion for summary judgment on this issue should be granted.

D. Plaintiffs' RESPA Claim, 12 U.S.C. § 2605

The defendants argue that the plaintiffs fail to state a claim under RESPA. (Docket Entry No. 59, p. 9) They argue that "a plaintiff must show a causal connection between the RESPA violation and pecuniary damage." (Docket Entry No. 59, p. 11) However, they assert that the plaintiffs admit that they have not suffered any "damages as a result of any alleged RESPA violation." (Docket Entry No. 59, p. 11) Thus, the defendants further assert that since the plaintiffs cannot prove any actual damages from the alleged RESPA violation then "any purported RESPA claim fails as a matter of law and judgment should be summarily entered for [the] Defendants." (Docket Entry No. 59, p. 11)

The plaintiffs stated the following in their complaint relating to RESPA, the substance of which is quoted:

> On September 22, 2011 Petitioners mailed, via Certified Mail Return Receipt Requested, a RESPA QUALIFIED WRITTEN REQUEST [QWR], TILA REQUEST, COMPLAINT, DISPUTE OF DEBT & VALIDATION OF DEBT LETTER in compliance with, and under, the Real Estate Settlement Procedures Act, 12 U.S.C. Section 2605(e) and Regulation X at 24 C.F.R. 3500, and The Gramm Leach Bliley Act to respondents Bank of New York and Bank of America, N.A.. . . . Said RESPA letter reminded/notified Respondents that "As this is a Qualified Written Request under the Real Estate Settlement Procedures Act, codified as Title 12 § 2605 (e)(l)(B) (e) and Reg. X § 3500.21(f)2 of the United States Code, as well as a request under Truth In Lending Act [TlLA] 15 U.S.C. § 1601, et seq., RESPA provides substantial penalties and fines for noncompliance or failure to answer our questions provided in this letter within sixty (60) days of its receipt." Return receipts indicate receipt of said RESPA letter as follows:

> Bank of America received on October 3, 2011 . . .
>
> Bank of America responded to the RESPA letter via normal USPS mail, notice dated October 3, 2011, stating that "We are in the process of obtaining the documentation and information necessary to address your questions." "You can expect a complete response within twenty (20) business days." **No further response has been received by Petitioners as of date of this petition.**

(Docket Entry No. 1-1, pp. 6-8) The plaintiffs did not respond to this argument in their response. Therefore, it is deemed that the plaintiffs do not oppose the defendants' arguments as to the RESPA claim. *See* Rule 7.01(b), Local R. of Ct.

Nevertheless under RESPA, a plaintiff must plead actual damages as a part of his or her claim. *Tsakanikas v. JP Morgan Chase Bank N.A.*, No. 2:11-cv-888, 2012 WL 6042836 at *2 (S.D. Ohio Dec. 4, 2012). The plaintiff must establish more than a violation. *Id.* He or she "must suffer actual, demonstrable damages, and the damages must occur 'as a result of' that specific violation." *Id.* (citing *Eicholz v. Wells Fargo Bank, N.A.*, No. 10-cv-13622, 2011 WL 5375375 at *5 (E.D. Mich. Nov. 7, 2001) (quoting 12 U.S.C. § 2605(f)(1)(A)); accord *Webb v. Chase Manhattan Mortgage Corp.*, No. 2:05-cv-0548, 2008 WL 2230696 at *14 (S.D. Ohio May 28, 2008)). The damages must be "causally related to a failure to properly respond to a QWR." *Tsakanikas,* No. 2:11-cv-888, 2012 WL 6042836 at *2. "Costs of preparing and sending a QWR" and "the costs of filing suit will not satisfy" this actual damages requirement. *Id.* at *3.

The plaintiffs' RESPA claim fails because the plaintiffs failed to plead actual damages. In their complaint, the plaintiffs do not address any damages suffered due to BANA or any of the other defendants that failed to send the plaintiffs the requested information. The plaintiffs also never addressed the issue of a RESPA violation or damages in their response to the defendants' motion for summary judgment. In fact, when asked about RESPA by the defendants' attorney, one of the plaintiffs stated that "the RESPA letter is . . . closed business for me." (Docket Entry

No. 59-1, p. 16) Furthermore, when asked by the defendants' attorney, "Do you have any damages related to the RESPA letter?" (Docket Entry No. 59-1, p. 16) That same plaintiff answered, "No." (Docket Entry No. 59-1, p. 16) Therefore, because the plaintiffs failed to plead actual damages, they have failed to prove an essential part of their claim. For these reasons, the defendants' motion for summary judgment on this issue should be granted.

## III. CONCLUSION

For the reasons stated below, the undersigned **RECOMMENDS** that the plaintiffs' motion for summary judgment (Docket Entry No. 56) be **DENIED**, that the defendants' motion for summary judgment (Docket Entry No. 58) be **GRANTED**, and that the plaintiffs' lack of standing to foreclose, fraud, and RESPA, 12 U.S.C. § 2605 claims be **DISMISSED** and this case closed.

Under Rule 72(b) of the Fed. R. Civ. P., any party has **FOURTEEN (14) DAYS** from receipt of this Report and Recommendation within which to file with the District Court any written objections to the proposed findings and recommendations made herein. Any party opposing shall have **FOURTEEN (14) DAYS** from receipt of any objections filed regarding this Report within which to file a response to said objections. Failure to file specific objections within **FOURTEEN (14) DAYS** of receipt of this Report and Recommendation may constitute a waiver of further appeal of this Recommendation may constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140, *reh'g denied*, 474 U.S. 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

ENTERED this the 16th day of April, 2013.

/s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge